CRAIN, Judge.
The Florida Parishes Skeet and Gun Association (Skeet Club), a nonprofit corporation, was incorporated on April 10, 1954. Article X of the original articles of incorporation provides that the corporation is authorized to issue 1000 shares of stock; that all corporate powers are vested in the shareholders; and, that the shareholders “shall be entitled to one vote per each share of stock, and provided further that no stockholder can own more than one share of stock.” The original articles of incorporation contain no provision regarding amendment of the articles by the shareholders.
On January 29,1976, a document entitled “Amended Articles of Incorporation of Florida Parishes Skeet and Gun Association” was filed with the Office of the Clerk of Court of Tangipahoa Parish[1] and with the Office of Secretary of State. The document reflected amendment of the Skeet Club’s articles of incorporation by its president pursuant to a resolution of the directors. A copy of the “Resolution for Amendment of Charter” was attached to the document. The resolution was unanimously adopted by the directors at a directors’ meeting specifically called for that purpose. The alleged amendments were adopted on January 29, 1975.
Article X as allegedly amended provides:
This Corporation is organized on a stock or shareholder basis.
The Corporation may issue and sell to individuals acceptable by the Board of Directors not more than 2,000 shares of stock at a par value of $250.00 per share, provided further that said stock be sold at not less than $250.00 per share or more if and in the event that a higher price is set and fixed by the Board of Directors.
All corporate powers are vested in the Board of Directors provided that corporate powers may ensue through majority stockholder actions with each shareholder entitled to vote the number of shares that he holds either for directors or for majority shareholder actions.
*186 On June 5, 1986, another copy of the articles as amended on January 29, 1975, and the accompanying resolution was filed with the Office of Secretary of State. A stockholders meeting was scheduled for January 21, 1987, by the president of the corporation. The notice specified that “[e]ach qualified shareholder is entitled to vote only one share and may cast as many proxies for other shareholders held in person. We are now operating under the terms of the original Charter and this meeting shall be conducted under said rules for 1987....” It is uncontroverted that as of January 21, 1987, several members held multiple shares and had previously either voted or been permitted to vote the number of shares held.
L. B. Ponder, Jr., E. Stanley Anderson, and Helen C. Brumfield, directors and shareholders, filed a petition for injunctive relief and declaratory action against Conway Guiteau, Jr., J.H. McClendon, Jr., Samuel C. Hyde, Nick Brocato, Robert Witte, Charles M. Reid, Jesse Sanders, and C. H. Brumfield. Plaintiffs sought to have the amended charter declared valid and the election held in conformity with the amended charter and by-laws.
A temporary restraining order was issued. After trial on the merits judgment was rendered in favor of defendants. The judgment provided that “the resolution of the Board of Directors declaring the amended charter and by-laws, allowing each shareholder only one vote and ordering an election to be held in conformity to the one shareholder/one vote resolution, is declared valid and with full force and effect.” The TRO was dissolved and the petition dismissed. From this judgment plaintiffs appeal, presenting as error essentially the court’s refusal to hold that the original articles of incorporation were amended to provide for one vote for each share of stock issued.
Each share of stock in a corporation shall entitle the holder to one vote unless the law, the articles of incorporation or the by-laws of the corporation provide otherwise. La.R.S. 12:210(E). The Skeet Club’s original articles of incorporation prohibit a stockholder’s owning multiple shares and voting the number of shares. The articles are, however, subject to amendment. La. R.S. 12:237 provides the method by which the articles may be amended, when, as here, the articles are silent as to the method of amendment. La.R.S. 12:237(B) provides:
B. If the articles do not stipulate a method of amendment, or do not stipulate in detail the procedure for amendment thereof, an amendment altering the articles may be adopted by two-thirds in interest of the voting members, at any annual or special meeting of members the notice of which set forth the proposed amendment or a summary of the changes to be made thereby.
Subsection E prescribes an alternative method of amendment where there has been an inability to obtain the presence of two-thirds of the voting members. The documents dated January 29, 1975, filed with the Office of Secretary of State and Clerk of Court which purport to be amendments to the original articles of incorporation recite that the amendments were adopted by unanimous vote of the directors. This vote was not in compliance with La.R.S. 12:237 and did not effect an amendment to the by-laws.
It is argued, however, that if the shareholders subsequently ratified the amendment allowing the ownership and voting of multiple shares adopted by the board of directors, such ratification would have been sufficient to amend the original articles. Subsequent ratification of amendment to articles was deemed valid in Stough v. 501 Ranch, Inc., 421 So.2d 1154 (La.App.2d Cir.1982).
This record contains no evidence which would enable us to determine that the multiple stock ownership and voting issue was ever raised at a shareholders’ meeting; the number of members in attendance and their votes, respectively at the meeting; whether the requisite notice was given; and, if notice was not given, whether defendants participated in and voted at the meeting, thus vitiating any defect in notice. *187 Stough, 421 So.2d at 1158. Although it is obvious that members were allowed to and did purchase multiple shares of stock, the only evidence before us indicates that this was the result of improper action by the Board of Directors. Consequently, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiffs.
AFFIRMED.

. Two documents entitled "Amended Articles of Incorporation of the Florida Parishes Skeet and Gun Association” were filed with the Office of Secretary of State on January 29, 1976. The language in Article X in both documents varies in that one document provides that a shareholder is entitled to a maximum of five votes regardless of the number of shares held. Article X of the other document provides that each shareholder is entitled to vote the number of shares held.